KAREN P. HEWITT
United States Attorney
GREGORY F. NOONAN
Assistant U.S. Attorney
California State Bar No. *Pending*
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: 619 557-5790 (Office); 557-5551 (Fax)
Email: gregory.noonan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                              )<br>                    Plaintiff,               )<br>                                                              )<br>         v.                                             )<br>                                                              )<br>                                                              )<br>ALEXANDER WALLACE MACLEAN,   )<br>                                                              )<br>                                                              )<br>                    Defendant.            )<br>                                                              )<br>                                                              )<br>                                                              )<br>_____ | Criminal Case No. 08-CR-0100-LAB<br><br>GOVERNMENT'S OPPOSITION TO<br>DEFENDANT'S SENTENCING<br>MEMORANDUM<br><br><br>Date:     June 9, 2008<br>Time:    9:30 a.m. |

NOW COMES plaintiff United States of America, by and through its counsel, United States Attorney Karen P. Hewitt and Assistant United States Attorney Gregory F. Noonan, and hereby files the following Response in Opposition to Defendant's Sentencing Memorandum. This memorandum is based on the case docket, the Presentence Report ("PSR"), and the Sentencing Memorandum filed by Alexander Wallace MacLean ("Defendant").

The United States respectfully submits that a sentence of twenty-four (24) months, as contemplated by the Plea Agreement, is both necessary and appropriate in this case to meet the sentencing purposes outlined in 18 U.S.C. § 3553(a), including to avoid creating an unwarranted disparity between Defendant's sentence and those of similarly situated defendants. Pursuant to the terms of the Plea Agreement, the United States already recommends significant downward departures

and adjustments, including a two-level adjustment for minor role, a two-level adjustment for acceptance of responsibility, and a two-level downward departure for fast-track: a total of six levels lower than Defendant's offense would otherwise warrant. Defendant now seeks an additional departure because of what Defendant argues are a combination of factors that constitute a mitigating circumstance. Since Defendant is not entitled to *any* further downward departures, this Court should deny Defendant's motion.

## I.

## STATEMENT OF FACTS

On December 9, 2007, Defendant entered the San Ysidro, California Port of Entry as the driver of a 1997 Chevrolet Aerostar bearing California license plates. The Customs and Border Protection ("CBP") officer working at the primary inspection area noticed that Defendant's hand shook as he handed over his California identification. After obtaining the car keys, the CBP officer made a cursory inspection of the vehicle, found that the rear door was particularly heavy, and discovered that packages were concealed therein. After further inspection at Secondary, the vehicle's rear hatch door and driver's side quarter panel proved to contain ten packages of marijuana weighing approximately 22 kilograms.

## II.

## ARGUMENT

**A.   The Sentencing Guidelines Result In A Reasonable Sentence and Satisfy the Goals of 18 U.S.C. § 3553(a)**

It is well-established that the Sentencing Guidelines are advisory rather than mandatory. See United States v. Booker, 125 S.Ct. 738, 757 (2005). Nonetheless, the Supreme Court has held that "[t]he district courts, while not bound to apply the guidelines, must consult those Guidelines and take them into account when sentencing" in accordance with the factors set forth in 18 U.S.C. § 3553. Id. at 765-66. Under this sentencing scheme, the imposed sentences must be reasonable. Id. at 767 ("The courts of appeals review sentences for unreasonableness.").

//
//

1  In the instant case, the Government believes that a sentence reached in accordance with the
2  Guidelines and the negotiated Plea Agreement will be reasonable and will adequately achieve the
3  purposes of the factors listed in § 3553(a). In fact, considering Defendant's actions in this offense
4  and his extensive criminal history, the agreed-upon sentence is extremely generous. As mentioned
5  above, the Plea Agreement contains significant downward adjustments and departures, including a
6  two-level adjustment for minor role, a two-level adjustment for acceptance of responsibility, and a
7  two-level departure for fast-track: a total of six levels lower than this offense would otherwise
8  warrant. Given Defendant's criminal history category ("CHC"), and assuming a low-end sentence,
9  these departures result in a sentence that is approximately one-half of what he would have received
10 under a straight sentencing guidelines analysis.

11 The United States made all of these negotiated reductions to address Defendant's specific
12 characteristics. Despite these significant and appropriate downward adjustments and departures,
13 Defendant now urges this Court to make further, unwarranted departures. In contrast, the United
14 States seeks imposition of the Guidelines sentence negotiated in the Plea Agreement, and is
15 constrained by the Plea Agreement to recommend the lower end of the sentencing range. An adjusted
16 offense level of 10 at CHC VI results in a sentencing range of 24 to 30 months. The United States
17 recommends a sentence at the low end of that range, 24 months in custody.

**B.    Defendant is Not Entitled to a "Combination of Factors" Downward Departure**

Defendant claims that he is entitled to **two levels** of additional downward departures based on mitigating factors. As demonstrated below, Defendant is not so entitled**.**

Defendant argues that his age, physical condition and vocational training together combine to justify a downward departure. It is true that a "*unique* combination of factors" can constitute a mitigating circumstance that would justify a downward departure. See United States v. Koon, 34 F.3d 1416, 1452 (9th Cir 1994) ("Koon I"), rev'd in part on other grounds by Koon v. United States, 518 U.S. 81 (1996) ("Koon II") (emphasis added); United States v. Cook, 938 F.2d 149, 153 (9th Cir. 1991). Such a departure, however, is warranted only when a court finds an "atypical case," one "where conduct significantly differs from the norm." Cook, 938 F.2d at 153. A downward departure may be granted only when the combination of factors is sufficient to "take the case out of the

1  Guideline's heartland," while "bearing in mind the Commission's expectation that departures based
2  on grounds not mentioned in the Guidelines will be 'highly infrequent.'" United States v. Charry
3  Cubillos, 91 F.3d 1342, 1345 (9th Cir. 1996) (quoting Koon II, 518 U.S. at 96 (1996)).

4    A "combination of factors" departure must, of course, be based on factors that a court is
5  authorized to consider. See U.S.S.G. § 5K2.0(c)(2)(B) (requiring each offender characteristic or
6  other circumstance to be identified in the guidelines as a permissible ground for departure). For this
7  reason, courts first consider each of the identified factors individually to determine whether each is
8  consistent with the structure and purposes of the Sentencing Guidelines and the federal sentencing
9  statutes. See Koon I, 34 F.3d at 1452. If the court determines that the individual factors constitute
10 permissible grounds for a departure, it then must consider whether, taken in combination, the factors
11 constitute a circumstance that justifies a downward departure. See id. Defendant bears the burden
12 of showing that a downward departure based on a combination of factors is appropriate. See United
13 States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990). In the instant case, Defendant has not met–
14 and cannot meet– this burden.

15   While each of the factors upon which Defendant presently relies– his age, physical condition,
16 and vocational training– is a *permissible* ground for departure, each is ordinarily deemed *irrelevant*.
17 See U.S.S.G. §§ 5H1.1, .2, and .4. Such discouraged factors should be considered for departure
18 purposes only when, "the factor is present to an *exceptional* degree or in some other way makes the
19 case different from the ordinary case where the factor is present." United States v. Aguirre, 214 F.3d
20 1122, 1127 (9th Cir. 2000) (emphasis added). Here, neither Defendant's age, physical condition, nor
21 vocational efforts are so exceptional as to favor a downward departure.[1] The facts and
22 circumstances provided by Defendant in support of his motion for a downward departure do not take
23 this case "out of the heartland," and thus do not warrant a downward departure based on a
24 combination of circumstances. See Koon II, 518 U.S. at 96. Accordingly, the Court should deny
25 Defendant's request for a downward departure based on a combination of factors.

---

[1] Moreover, it is unclear whether the medical report attached to Defendant's June 3, 2008 Sentencing Memorandum is his own. It refers to a "Mrs. Alexander MacLean" and to a "60 year old female patient."

4

Furthermore, a downward departure based on a combination of factors is typically based on a set of factors that are related to a unifying mitigating circumstance. See Koon I, 34 F.3d at 1452 n.31 (citing United States v. Floyd, 945 F.2d 1096, 1099 & n. 2 (9th Cir. 1991) (lack of education, imprisonment at age 17, and abandonment by parents created the single mitigating circumstance of lack of youthful guidance)); United States v. Fairless, 975 F.2d 664, 668 (9th Cir.1992) (fact that robbery was first criminal offense, defendant suffered from manic depression, he committed robbery with unloaded gun, and he was under extreme pressure from combination of circumstances, including recent loss of job, created the mitigating circumstance that the defendant's armed robbery a single act of aberrant behavior)). It is questionable whether a combination of factors departure may be based on a combination of unrelated factors. See id. Here, Defendant's age, physical condition, and vocational training are unrelated factors and a departure based upon their combination is inappropriate.

**C.    Defendant's Agreed-Upon Sentence Is Appropriate**

After accounting for the six level reduction the parties have agreed to in the plea agreement, the Sentencing Guidelines recommend a range of 24 to 30 months as a suitable punishment for Defendant's crime. The government has agreed to recommend the lowest possible sentence within this range. None of the factors identified in 18 U.S.C. § 3553(a) weigh significantly in favor of sentencing Defendant below the Guideline's recommended range. Rather, any lower sentence would be insufficient to reflect the seriousness of the offense given the significance of the drug problem in the United States, would fail to afford adequate deterrence to further criminal conduct given the large amounts of money that can be obtained from the illicit drug trade, and would cause an unwarranted disparity between Defendant's sentence and those received by many other defendants sentenced for a drug offense under similar circumstances. Accordingly, the Court should follow the Government's recommendation and sentence Defendant to twenty-four (24) months imprisonment, the lowest amount recommended by the Sentencing Guidelines.

//

//

### III.

### **CONCLUSION**

For the reasons discussed, the United States respectfully recommends that the Court decline to depart from the applicable sentencing guideline range beyond those adjustments and departures contemplated by the plea agreement and sentence Defendant to a twenty-four (24) month term of imprisonment, the lowest amount recommended by the Guidelines.

DATED: June 5, 2008                                         Respectfully submitted,

Karen P. Hewitt
United States Attorney

s/ *Gregory F. Noonan*
GREGORY f. NOONAN
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALEXANDER WALLACE MACLEAN,<br><br>　　　　　　Defendant. | Criminal Case No. 08-cr-0100-LAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

　　I, Gregory F. Noonan, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　1.　Victor M. Torres, Esq.
　　　　406 Ninth Avenue, Suite 311
　　　　San Diego, CA 92101
　　　　Email: lawforvatos@yahoo.com
　　　　Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.
Executed on June 5, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　　**S/Gregory F. Noonan**
　　　　　　　　　　　　　　　　　　　　　　　　　　GREGORY F. NOONAN